MR. JUSTICE WEBER,
concurring and dissenting:
I concur in the majority opinion as to Issue 1 and its conclusion that there was no error in granting plaintiff’s motion for a new trial. I also concur with the majority opinion as to Issue 5 in holding that there was no error in denying the plaintiff’s motion for a directed verdict. I respectfully dissent from the majority opinion as to Issues 2, 3 and 4.
The majority opinion indicates that the two surgical nurses who assisted the defendant in the operation neglected to inform Dr. Wright of an uncounted lap mat. The deposition of the nurse making the count discloses that she told Dr. Wright, “Your sponge count is correct.” In addition, the evidence disclosed that the lap mat had a tag that made it visible on X-rays, but the radiologist failed to identify the tag.
As to Issue 2, I disagree with the majority conclusion that Dr. Wright was negligent as a matter of law because the lap mat was left inside the patient. Such a rule may have been appropriate a number of years ago when it was difficult, if not impossible, to obtain adequate medical testimony regarding the conduct of a surgeon, or prior to Montana’s adoption of the modern theory of comparative negligence.
I find no need for such a per se rule for the protection of plaintiffs. I would prefer the ordinary negligence rule under which the plaintiff would have the burden of proving that the surgeon had violated the applicable standard of care. Following that proof, the surgeon would have the opportunity to present his own evidence on the standard of care. More important in a case such as the present, the surgeon would also have the opportunity to present evidence as to negligence on the part of the nurses and the radiologist. That evidence is excluded under the negligence per se rule of the present opinion. I believe a jury is capable of determining whether a medical doctor has met the requisite standard of care and comparing any negligence on the part of the surgeon, the hospital through its nurses, and the radiologist.
I would also accept the res ipsa loquitur rule as described in the majority opinion. While this does place a burden on the surgeon, it at least gives the opportunity for the surgeon to present the evidence that supports his view of the case.
*56 I do not believe that the negligence per se rule is appropriate in modern medical practice, where different people are responsible for various activities during a surgery. For example, it may be the sole duty of an anesthesiologist to monitor a patient’s blood pressure and coloring in order to alert the operating physician to any sign of heart failure or oxygen deprivation. In complex procedures'such as open heart surgery, two or more teams of doctors may be required to work on different parts of a patient’s body at the same time. Under modern surgical procedures, it is impractical to assume that a “chief’ surgeon can perform surgery and simultaneously supervise and monitor every activity of each of the parties involved in the operation. It is also impractical to suggest that the “chief’ surgeon is strictly liable for the conduct of everyone who assisted in the surgical procedure.
Likewise, I see no reason why a surgeon should be held negligent per se for relying on the expertise of a specialist whose advice is sought for diagnostic purposes. I would trust the jury to determine whether, under all the circumstances of the case, the surgeon’s reliance on the expert’s advice was reasonable. I would also trust the jury to compare any negligent conduct on the part of the surgeon with a radiologist’s negligent reading of post-operative X-rays.
Under Issue 3, the majority opinion excludes the evidence of the conduct of the concurrent tortfeasor, the nurses making the sponge count, and the subsequent tortfeasor, the radiologist. As indicated under issue 2,1 believe that evidence should properly be admissible as a part of the defense of the defendant doctor.
On Issue 4, the majority opinion approved the giving of the following “legal cause” instruction:
“A legal cause of a death is a cause which is a substantial factor in bringing about the death.”
It appears the instruction was based upon BAJI 3.76, California Jury Instructions Civil (rev. 6th ed. Supp. 1983), which states that a legal cause of injury is a cause which is a substantial factor in bringing about the injury. BAJI 3.75 is a proximate cause instruction similar to the proximate cause instruction proposed by the defendant. The Use Note following BAJI 3.76 advises that where injury may have resulted from either of two causes operating alone, the legal cause instruction should be given, not the instruction on proximate cause.
In substance, the same rationale was used by the majority opinion for concluding that the legal cause instruction was correctly given. *57 Unfortunately, that reasoning does not apply in the present case. While it is true that there were nurses who can be classed as concurrent tortfeasors and a radiologist who can be classed as a subsequent tortfeasor, all of those other parties are no longer parties to the present action. Dr. Wright is the only defendant. Since the reasons given for use of the legal cause instruction are not present in this case, I would conclude that a proximate cause instruction properly should have been given.
MR. JUSTICE GULBRANDSON and MR. JUSTICE HARRISON concur in the foregoing dissent.